UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VERITA HINES-FLAGG,

Plaintiff,

vs. Case No. 12-12663

FIRST FRANKLIN, a division of NATIONAL CITY BANK OF INDIANA, WELLS FARGO BANK, as TRUSTEE FOR THE MLMI TRUST SERIES 2005-FFH1, and BANK OF AMERICA HOME LOANS, f/k/a COUNTYWIDE HOME LOANS SERVICING, L.P., HON. AVERN COHN

Defendants.
_______________________________/

**MEMORANDUM AND ORDER**
**GRANTING DEFENDANTS' MOTION TO DISMISS (Doc. 4)**
**AND**
**DISMISSING CASE**[1]

## I. Introduction

This is another one of many cases pending in this district involving a default on a mortgage and subsequent foreclosure proceedings. As will be explained, the property has been foreclosed upon, the redemption period has long since expired, plaintiff has been evicted following a state court eviction action, and the property has been sold to a bona fide purchaser. Despite this, plaintiff believes she has a right to the property and against defendants.

[1]Although originally scheduled for hearing, the Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2). The parties were previously notified of the Court's decision to suspend oral argument. See Doc. 10.

To this end, plaintiff Verita Hines-Flagg filed a complaint naming First Franklin, a Division of National City Bank of Indiana (First Franklin),[2] Wells Fargo Bank, as Trustee for The MLMI Trust Series 2005-ffh1 (Wells Fargo), and Bank of America Home Loans, F/k/a Countywide Home Loans Servicing, L.P. (BOA) as defendants.

The complaint asserts the following claims:

| | |
|---|---|
| Count I | quiet title |
| Count II | rescission of the mortgage under Truth in Lending Act |
| Count III | negligence |
| Count IV | breach of fiduciary duty |
| Count V | violations of Truth in Lending Act |
| Count VI | conspiracy to commit fraud |
| Count VII | intentional infliction of severe emotional distress |

Before the Court is Wells Fargo and BOA's motion to dismiss under Fed. R. Civ. P. 12(b)(6). For the reasons that follow, the motion will be granted.

## II. Background

This case involves real property located at 42974 Pond Buff Drive, Van Buren, Township, Michigan. On March 15, 2005, plaintiff obtained a $375,000 loan from First Franklin. Plaintiff executed a note evidencing the loan. As security for the loan, plaintiff executed a mortgage in which she gave First Franklin "and its successors and assigns" an interest in the property. On September 1, 2005, First Franklin assigned its interest in the mortgage to nonparty First Franklin Financial Corporation (FFFC). On June 19,

---

[2]To date, First Franklin has not been served or otherwise appeared in the case.

2006, FFFC assigned its interest in the mortgage to Wells Fargo. All of these documents were recorded. BOA was the servicer of the loan.

Plaintiff defaulted on the loan. Wells Fargo initiated foreclosure proceedings Wells Fargo eventually purchased the property at a foreclosure sale on February 10, 2010. Plaintiff's right to redeem the property expired on August 10, 2010. Plaintiff did not redeem.

Wells Fargo then filed an eviction action in state court against plaintiff. The state court issued a judgment of possession against plaintiff after a hearing on September 27, 2010. Plaintiff appealed the eviction to the state circuit court. The appeal was dismissed on November 22, 2010 for failing to pay the required appeal bond. Plaintiff's motion for reconsideration was denied on January 4, 2011. The Michigan Court of Appeals denied leave to appal on April 14, 2011. Reconsideration was denied on May 17, 2011. The Michigan Supreme Court also denied leave to appeal, on October 5, 2011. Thereafter, plaintiff was evicted from the property.

On April 23, 2012, Wells Fargo sold the property for $160,000 to a bon fide purchaser.

On May 18, 2012, after she was evicted and the property sold, plaintiff filed a complaint in state court asserting claims set forth above. Wells Fargo and BOA timely removed the case to federal court and filed a motion to dismiss.

## III. Legal Standard

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the sufficiency of a complaint. To survive a Rule 12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the

assumption that all of the allegations in the complaint are true." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007). See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio, 502 F.3d 545, 548 (6th Cir. 2007). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 679. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Id. at 678 (internal quotation marks and citation omitted).

In ruling on a motion to dismiss, the Court may consider the complaint as well as (1) documents referenced in the pleadings and central to plaintiff's claims, (2) matters of which a court may properly take notice, (3) public documents, and (4) letter decisions of government agencies may be appended to a motion to dismiss. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 127 S.Ct. 2499, 2509 (2007). Here, the Court has considered documents relating to the mortgage and the foreclosure which are referenced in the complaint and central to plaintiff's claims.

## IV. Analysis

### A. Plaintiff's Response

In her response to the motion, plaintiff states that (1) she does not have a claim for quiet title, (2) she does not have a claim for violations of the Truth and Lending Act, and (3) she does not have a right to relief for "tort damages." Thus, the following counts must be dismissed: Count I (quiet title); Counts II and V (Truth in Lending violations), Counts III, IV, VI, and VII (seeking tort damages). Because this encompasses all counts of the complaint, Wells Fargo and BOA's motion should be granted based on plaintiff's response. While this should end the matter, Wells Fargo and BOA's primary arguments in support of dismissal are addressed, lest there be any question as to whether plaintiff's statements in her response cover all of the counts of the complaint.

### B. Expiration of Redemption Period

Wells Fargo and BOA argue that it dismissal of all counts of the complaint is appropriate because plaintiff failed to redeem the property and therefore lacks the ability to challenge the validity of the foreclosure. The Court agrees.

Following foreclosure, the rights and obligations of the parties are governed by statute. Senters v. Ottawa Sav. Bank, FSB, 443 Mich. 45, 50-53 (1993). Upon expiration of the statutory redemption period, the purchaser of a sheriff's deed is vested with "all the right, title, and interest" in the property. See M.C.L. § 600.3236; Piotrowski v. State Land Office Bd., 302 Mich. 179, 187 (1942).

Here, Wells Fargo purchased the property at a foreclosure sale on February 10, 2010. The redemption period expired on August 10, 2010. Because plaintiff failed to

redeem the property before the redemption period expired, Wells Fargo became vested with "all the right, title, and interest" in the property by operation of law. At that point, plaintiff, the former owner, lost the ability to assert claims with respect to the property. See Overton v. Mortgage Electronic Registration Sys., Inc., No. 284950, 2009 WL 1507342, at * 1 (Mich. Ct. App. May 28, 2009) (unpublished opinion).

The Michigan Court of Appeals recently reaffirmed the holdings in Overton and Mission of Love in Awad v. General Motors Acceptance Corp., No. 302692, 2012 WL 1415166 (Mich. Ct. App. Apr. 24, 2012). In Awad, the statutory redemption period expired on November 26, 2010. Plaintiff failed to redeem the property and, instead, she filed suit just prior to the expiration of the redemption period. Defendant moved for summary disposition, and the trial court granted defendant's motion on the ground that plaintiff lacked standing to challenge the foreclosure sale. On appeal, the Michigan Court of Appeals affirmed, adopting the reasoning of Overton and Mission of Love. The court of appeals confirmed that once the redemption period expires, "all of [plaintiff's] rights in and title to the property were extinguished" and plaintiff "therefore, lost her standing to sue." Id.

Courts in this district have similarly held that the expiration of the redemption period extinguishes a plaintiff's right to sue with regard to the property. See, e.g. Collins v. Wickersham, --- F. Supp. 2d ----, 2012 WL 995208, at *3 (E.D. Mich. 2012), Kama v. Wells Fargo Bank, No. 10-10514, 2010 WL 4386974, at *2 (E.D. Mich. Oct. 29, 2010); Smith v. Wells Fargo Home Mortgage, Inc., No. 09-13988 (E.D. Mich. Aug. 16, 2010); Moriarty v. BNC Mortgage, et al, No. 1013860 (E.D. Mich. Dec. 15, 2010).

Plaintiff, however, seems to suggest that she can pursue her claims based on

M.C.L. § 600.5801, which provides:

> No person may bring or maintain any action for the recovery or possession of any lands or make any entry upon any lands unless ... he commences the action or makes the entry within the periods of time prescribed by this section.
>
> (1) Defendant claiming title under fiduciary's deed or court ordered sale. When the defendant claims title to the land in question by or through some deed made upon the sale of the premises ... by a sheriff upon a mortgage **foreclosure** sale the period of limitation is 5 years.

(Bold in original.). To the extent plaintiff says that the statute of limitations under section 600.5801 extends the redemption period, allowing her to challenge the foreclosure at any time up to five years from the date of the foreclosure sale, she is mistaken. Redemption rights are governed by statute. See M.C.L. § 600.3240. The redemption period expired, by statute, six months after the foreclosure sale, on August 10, 2010. After that time, plaintiff lost the ability to challenge the foreclosure proceedings.

Moreover, even if plaintiff could challenge the foreclosure proceedings, her claims still fail because she has not alleged a sufficient irregularity to set aside the foreclosure sale. The Michigan Supreme Court has held that it would require a strong case of fraud or irregularity, or some peculiar exigency, to warrant setting a foreclosure sale aside." United States v. Garno, 974 F. Supp. 628, 633 (E.D. Mich. 1997), citing Detroit Trust Co. v. Agozzinio, 280 Mich. 402, 405-06 (1937). Moreover, the alleged fraud or irregularity must be with regard to the sale procedure itself. See Reid v. Rylander, 270 Mich. 263, 267 (1935) (holding that a borrower is limited to validity of the foreclosure sale procedures, not the note, mortgage or other underlying instruments, or the capacity of the foreclosing party).

Here, plaintiff has not alleged a strong showing of fraud or irregularity sufficient to

unwind the sheriff's sale. Plaintiff does not allege any defect in the foreclosure procedure or allege fraud of such magnitude which would require that the sheriff's sale be set aside. This conclusion is bolstered by the fact that the property has been sold to a bona fide purchaser. See Hogan v. Hester Investment Co., 257 Mich. 627 (1932) (validity of foreclosure by advertisement cannot be challenged after property is sold to a bona fide purchaser).

**B. Res Judicata**

Wells Fargo and BOA also argue that all of plaintiff's claims are barred by res judicata. The Court agrees.

Res judicata or claim preclusion precludes the relitigation of a final judgment on the merits in a subsequent action. Res judicata is appropriate when: (1) there is a prior final decision on the merits; (2) the present action involves the same parties or their privities; (3) the present action involves an issue that was litigated or should have been litigated in the previous action; and (4) the causes of actions are identical. Mitchell v. Chapman, 343 F.3d 811, 819 (6th Cir. 2003) (citing Kane v. Magna Mixer Co., 71 F.3d 555, 560 (6th Cir. 1995)). Essentially, res judicata bars "every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." Sewell v. Clean Cut Mgmt., Inc., 463 Mich. 569 (2001). Identity of issues requires that the causes of action involve identical facts creating the action and evidence required to sustain it. Westwood Chemical Co. v. Kulick, 656 F.2d 1224, 1227 (6th Cir. 1981). Under Michigan law, "privity has been defined as "mutual or successive relationships to the same right of property, or such an identification of interest of one person with another as to represent the same legal right." Sloan v. City of Madison

Heights, 425 Mich. 288 (1986) A party in privity is "one who, after rendition of the judgment, has acquired an interest in the subject matter affected by the judgment through or under one of the parties, as by inheritance, succession or purchase." Id. (quoting Howell v. Vito's Trucking & Excavating Co., 386 Mich. 37 (1971)); see also Bates v. Township of Van Buren, 459 F.3d 731, 735 (6th Cir. 2006) ("To be in privity is to be so identified in interest with another party that the first litigant represents the same legal right that the later litigant is trying to assert. The outer limit of the doctrine traditionally requires both [1] a 'substantial identity of interests' and [2] a 'working functional relationship' in which [3] the interests of the nonparty are presented and protected by the party in the litigation").

Here, on September 27, 2010, the 34th District Court found that Wells Fargo had a right to possession and issued an order evicting Plaintiff. This was a final judgment on the merits for the purpose of res judicata. The prior action involved the same parties that are before the Court. Plaintiff could have raised her claims during the summary eviction proceeding. See Manufacturers Hanover Mortg. Corp. v. Snell, 142 Mich. App. 548 (1985) ("The [Michigan] Supreme Court has long held that the mortgagor may hold over after foreclosure by advertisement and test the validity of the sale in the summary proceeding. The mortgagor may raise whatever defenses are available in a summary eviction proceeding. The district court has jurisdiction to hear and determine equitable claims and defenses involving the mortgagor's interest in the property") (internal citations omitted). See also Reid v. Rylander, 270 Mich. 263, 267, (1935); Gage v. Sanborn, 106 Mich. 269, 279 (1895). Plaintiff should have brought all her claims regarding the validity of the mortgage in the initial eviction action. As noted above,

plaintiff unsuccessfully appealed the eviction through all levels of the state courts. She cannot re-litigate her right to the property in this action.

## V. Conclusion

For the reasons stated above, Wells Fargo and BOA's motion to dismiss is GRANTED. This case is DISMISSED.

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: October 2, 2012

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, October 2, 2012, by electronic and/or ordinary mail.

S/Julie Owens
Case Manager, (313) 234-5160